The testator Henry Smith devised his Goose-creek plantation to his son Thomas Smith (the complainant) and his heirs, and directs him to pay certain legacies to his daughters. In a codicil to the will the testator directs that his wife should have a right to dwell on the Goose-creek plantation, with liberty to plant thereon, and make use of the necessary fire-wood, timber, &c. and that each of his daughters should have a right to dwell oh the said plantation, duping their natural lives; after “which it is to go to his son Thomas, and his heirs¡ And he discharges his son from the payment of the legacies to his sisters, which he had imposed by his will. — The wife is dead, the daughters are living, and reside on the plantation, and plant therpon-=-one of them married Mr, Poyas the defendant.
This cause came to a hearing on a case arising out qf testator’s will and codicil, the substance of which is stated above,
The complainant’s counsel contended, that the per? mission given by the testator to liis daughters to reside on the plantation, was a mere residence, not accompanied by any power to plant, or to clear land, or to cut timber for any other purpose than for fire-wood and other necessary purposes: That he gave his daughters pecuniary legacies, and could not have contemplated that on his four daughters marrying husbands who had negroes, (hat they should all settle on this single tract, and cut down all the timber to make four different plantations — which would waste and ruin the estate. He expressly gives his wife the right to plant; and though he gives the right of residence to the daughters in the same clause with the mother, he does pot give them the right to plant. This withholding the •gift qf the right, was a distinct negative of the right,
*157 JUNE. 1788
Bee and Smith for complainant. — E. Rutledge and G, C. Pinckney for defendants.
The defendants’ counsel contended, that the right of residence could not mean a mere naked living in the house. It was to be a home with all its advantages, and rights, and powers of improvement and enjoyment, Where the law gives a thing, it gives impliedly whatever Is necessary to the use of it. Where the use of a real or personal estate is given to one, it is now settled law that the thing itself is given; for life, where a life estate only appears to be intended: But if it is encumbered with legacies or money to be paid out of it, then it is considered, under the late decisions, as vesting an absolute estate. The counsel insisted, the defendants had a right to plant, as flowing necessarily from the right of residence for life, (which is really a life estate,) but not to commit waste. If waste was attempted, the complainant might obtain an injunction. The complainant has no right in the land till the death of the daughters, and the extinction of their rights. If he can derive no benefit, shall they have none? Could it be the father’s intention that none of his children should plant this land? Surely not. He meant a full benefit to the daughters for life: At their death, an absolute estate is given to the son: He is discharged from paying certain legacies to the daughters, on the right of residence being given to them. — The counsel cited for defendant 1 Eq. Cas. abr. 400. Co. Inst. 53. 1 Vesey 265, 548, 281,
The court was of opinion,fC that the daughters had a right (under the codicil) to reside on the plantation, and to plant there during their lives:” — ( Chancellor Mathews’s notes.J And accordingly decreed that the complainant’s bill be dismissed with costs.